UNIVERSAL C. I. T. CREDIT CORPORATION *v.* HALL.

5-678                                        279 S. W. 2d 281

Opinion delivered May 23, 1955.

*M. P. Matheney* and *Wright, Harrison, Lindsey & Upton,* for appellant.

*Stein & Stein,* for appellee.

J. SEABORN HOLT, J. This is another case involving usury pleaded under a conditional sales contract.

March 27, 1952, prior to June 30, 1952, the date on which our decision in *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973, became final, appellee Hall, purchased a Dodge pickup truck from the Green-Mouton Motor Company in El Dorado, Arkansas. The invoice to appellee recited:

> "The selling price of 1948
>     Dodge pickup ..........................$695.00
> "Less: Trade-in allowance
>     of 1941 Chevrolet ...................... 245.00
>
> "Balance ........................................ 450.00
> "18 Months Insurance................... 112.48
> "Service Charge ........................... 56.87
>
> "Total Contract ...........................$619.35"

A conditional sales contract was executed by appellee on the above date (March 27, 1952) in favor of Green-Mouton which recited a "Time Balance" of $619.35, and provided for fifteen monthly payments of $41.27 each. This contract was duly assigned by Green-Mouton to appellant, Universal C. I. T. Corporation.

Appellee, after having made the payments for April, May and June of 1952 defaulted and brought the present suit in which he sought to cancel the contract for usury, and to recover the three monthly payments which he made on the contract. Appellant's answer was a denial

of every material allegation in the complaint not specifically admitted. The trial court found the contract usurious and ordered its cancellation but refused appellee's claim for a refund of the three payments on the ground that they were voluntarily made. From the decree is this appeal.

It is undisputed that the sales contract recited the price of the truck to be $695.00 and, after deducting $245.00 allowed on a trade-in, left a balance of $450.00. To this balance was added $169.35 (making a total of $619.35) to cover interest, insurance purchased by appellee, and certain service charges under a finance plan including bail bond and credit identification. This $619.35 was described in the contract as the ''Time Balance'' and in the invoice above as ''Total Contract.''

While some of the items charged against appellee Hall might have been considered usurious under our holding in the Hare case above, however, such items were permitted under many of our cases governing transactions made before the opinion in the Hare case became final. The present case is controlled by our holding in the recent case of *Crisco* v. *Murdock Acceptance Corporation,* 222 Ark. 127, 258 S. W. 2d 551, which case we reaffirmed in *Universal C. I. T. Credit Corporation* v. *Crossley,* 222 Ark. 200, 258 S. W. 2d 562.

Accordingly the decree is reversed, and the cause remanded with directions to enter a decree consistent with this opinion.